a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BLAKE SANDLAIN, Petitioner | CIVIL ACTION NO. 1:18-CV-717-P |
| VERSUS | JUDGE DEE D. DRELL |
| CALVIN JONES, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Pro se Petitioner Blake Sandlain[1] (#12250-088) ("Sandlain") filed a petition for writ of habeas corpus (28 U.S.C. § 2241). Sandlain is an inmate in the custody of the United States Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Sandlain complains about the conditions of his confinement.

Because Sandlain's claim is not cognizable under § 2241, the petition should be dismissed without prejudice to seeking relief under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

I. **Background**

Sandlain complains that the warden is "using a BOP policy to feed the entire prisoner population for three weeks bologna sandwiches, potato chips, cookies, and is only providing [prisoners] two rolls of toilet paper a week without any additional toilet

---

[1] The Bureau of Prisons lists Petitioner's last name as Sandlin. https://www.bop.gov/inmateloc/

paper as needed when [prisoners] run out." Sandlain alleges that inmates have stabbed each other over toilet paper.

## II. Law and Analysis

Sandlain filed a petition for writ of habeas corpus under § 2241, which allows prisoners to challenge the fact or duration of confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Sandlain does not challenge the length of his confinement. Rather, Sandlain complains about the conditions of his confinement. A Bivens[2] action is the proper remedy for a prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. See id.; Spencer v. Bragg, 310 F. App'x 678, 679 (5th Cir. 2009) (where "a prisoner challenges an unconstitutional condition of confinement or prison procedure that affects the timing of his release from custody," the proper vehicle is a civil rights action if a determination in the prisoner's favor will not automatically result in his accelerated release) (quoting Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997)).

## III. Conclusion

Because his claim is not cognizable under § 2241, IT IS RECOMMENDED that Sandlain's § 2241 petition be DENIED and DISMISSED without prejudice to seeking relief in a Bivens complaint.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from

---

[2] In Bivens, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __1st__ day of August, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge